By the Court :
The facts set out in the bill and answer present the ordinary *356 caso of a proceeding to collect a tax assessed for the single purpose of revenue. The collection is to be made in the common manner, by the sale of the personal goods of the party. There is no allegation or pretense that, to make the collection by distress, would, in any extraordinary manner, prejudice the complainant. Neither is there any suggestion that the parties complained of are insufficient to respond in damages for the injury they are about to commit,’ should it *be unauthorized by law. No circumstances distinguish the ease from one of a common trespass except that the act sought to be enjoined is about to be committed under color of law. In a mere matter of simple trespass, a court of equity has not yet interfered by an injunction. This is agreed upon both sides, and we are too well satisfied with the doctrine, as it is now settled, to make a precedent for disturbing it.
The pi’oposition that chancery may interfere by injunction to prevent a multiplicity of suits, has no application, that we can perceive, to this case. If the tax was levied by distress, one action at law would setttle the right and secure to the party his redress. If, notwithstanding, another tax were levied, it would be the subject of a single suit. The separate repetition of trespasses, laying a ground for separate suits, between the same parties, is not that description of multiplicity of suits which induces equity to interfere. Where many parties and different rights are involved in the same transaction, all of which can not be legally adjusted without several suits, this state of things is sometimes held a sufficient ground for chancery to interfere. And we are by no means satisfied that what is said, by way of argument, in the opinion, in the case of Osborne v. Bank of United States, warrants the conclusion that equity should take cognizance and jurisdiction between two individuals, where one apprehended a series of trespasses would be committed upon him, for each one of which, if perpetrated, the law gave him a full and adequate remedy.
The bill proceeds upon the hypothesis that the law authorizing the assessment of the tax in question is unconstitutional, and therefore can confer no authority. But this does not make a case for chancery jurisdiction. Whatever may be the principal question in a cause, the attendant circumstances must be such as to give the court jurisdiction of the subject,-or between the parties, before it can be considered or decided. If the ground assumed in the bill is correct, then the collection of the tax is a trespass, and, *357 without the assistance of other facts than are here alleged, the remedy is at law, not in chancery. In the case of Osborne v. Bank of United States, tbe jurisdiction was sustained evidently upon tbe ground that the trespass apprehended, if permitted, would operate the destruction of the bank. The undisguised object of the *act to be enjoined, was to destroy the franchise. For this, tbe court were of opinion compensation in a verdict and judgment for damages would not be a full and adequate remedy, and therefore the preventive remedy of injunction became necessary. This case does not resemble that in any of its features, but the single one that, in both cases, the collection of a tax was tbe subject in controversy. We think tbe jurisdiction can not be sustained upon safe and proper principles. The bill is dismissed on that ground, the other branch of the case not having been considered.